IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY L. FLETCHER, #13596-026, <br><br>     Plaintiff, <br><br> v. <br><br> SHERIFF JERROD PETERS, <br> OFFICER RYAN COFFEE, <br> OFFICER JASON JUENGER, <br> OFFICER CHRISTOPHER GEISEN, <br> US MARSHAL OFFICER ROGERS, and <br> US MARSHAL OFFICER BATSON, <br><br>     Defendants. | Case No. 23-cv-01054-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Anthony Fletcher, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at Federal Correctional Center Gilmer in Glenville, West Virginia, filed a Complaint in the Circuit Court for the Twenty-fourth Judicial Circuit, Randolph County, in the State of Illinois, Case No. 2023LA5. He seeks relief for violations of federal statutes, Illinois state law, and his constitutional rights while he was held at the Randolph County Jail. On March 30, 2023, four of the six defendants, Defendants Peters, Coffee, Juenger, and Geisen, who are employees of Randolph County, removed the case to this Court pursuant to 28 U.S.C. §1441(a) on March 30, 2023. (Doc. 1). On July 17, 2023, Plaintiff filed a motion for default against the two remaining defendants, Rogers and Batson, who are identified in the Complaint as United States Marshals. (Doc. 13).

For the reasons stated below, the Court finds removal proper, and the Complaint survives

preliminary review pursuant to 28 U.S.C. §1915A.

## NOTICE OF REMOVAL

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending." After receipt of the complaint, a defendant has thirty days to file a notice of removal. 28 U.S.C. §1446(b)(1). Valid removal requires the consent of all defendants, unless they were not properly served at the time of removal. 28 U.S.C. § 1446(b)(2)(A). *See also Phoenix Container, L.P. v. Sokoloff,* 235 F. 3d 352, 353 (7th Cir. 2000) (noting that joining in the notice is "an essential step").

If the defendant did not follow the proper steps in removing a civil suit, "[a] plaintiff has a right to remand." *Matter of Cont'l Cas. Co.*, 29 F. 3d 292, 294 (7th Cir. 1994) (discussing non-jurisdictional objections to removal). A plaintiff has thirty days to file a motion "objecting to removal on the basis of any defect in removal procedure…asking the district court to remand the case to state court." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (internal citations and quotation omitted); 28 U.S.C. § 1447(c). If the plaintiff fails to file an objection within the thirty-day deadline, the procedural defect is waived. *Cont'l Cas*. 29 F. 3d at 294 (procedural defects in removal may be waived or forfeited).

The Court finds removal proper. The defendants who were successfully served, Peters, Coffee, Juenger, and Geisen, removed this action within thirty-days of service. They all consented to and signed the Notice of Removal, and valid removal requires only the consent of the defendants who have been served. 28 U.S.C. §1446(b)(2)(A). The suit is based in federal law. The Complaint asserts claims under 42 U.S.C. §§1983 and 1985, as well as 17 U.S.C. §§1201-1203 and 18 U.S.C.

§§ 1961-1968. *See* 28 U.S.C. §1441(a); 28 U.S.C. §1331. Furthermore, these federal claims provide a basis for supplemental jurisdiction under 28 U.S.C. §1367(a) over related state law claims.

Even if there had been procedural defects in removal, Plaintiff has waived any objections by not filing a timely motion. *See Pettitt v. Boeing Co.,* 606 F. 3d 340, 343 (7th Cir. 2010) (procedural defects are waived unless a party files a timely motion). He did not object to the Notice of Removal within thirty days, and the motion for default judgment against Defendants Rogers and Batson was not filed until July. Thus, to the extent Plaintiff is objecting to removal based on lack of consent of all Defendants in his motion for default judgment, his motion is untimely, and his objection waived. (Doc. 13).

### MERIT REVIEW

Now that removal is deemed proper, Plaintiff's Complaint is subject to preliminary review under 28 U.S.C. § 1915A. *See Whiteside v. Hill, et al.*, No. 21-cv-00806-JPG, 2022 WL 970586 (S.D. Ill. March 31, 2022) (conducting preliminary review of removed complaint under 28 U.S.C. § 1915A). Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### I.  Allegations

In the Complaint, Plaintiff alleges that on December 16, 2022, he was discharged from the Illinois Department of Corrections and placed into federal custody. (Doc. 1-1, p. 4). He was taken

to the Randolph County Jail, where remained until December 27. (*Id.* at p. 1, 4). At the time, his personal property included 24 legal boxes, 2 boxes containing $650.00 worth of food products from the commissary, 1 box containing $400.00 worth of electronic items, and 1 box containing $100.00 worth of hygiene items. (*Id.* at p. 4).

Upon his arrival at Randolph County Jail, Officer Juenger told Plaintiff that he would not receive any of his property "when taken to federal air lift." (Doc. 1-1, p. 5). Plaintiff was further informed that his food items would be destroyed because "we don't know where they came from or how he [Plaintiff] got them." (*Id.*).

Plaintiff wrote a request asking for "written authority for the denial" of his property and to force forfeiture of his property. (Doc. 1-1, p. 5). Office Juenger replied, "we don't have to give you any legal authority or paperwork." Ryan Coffee, an assistant jail administrator, confirmed the response. (*Id.*).

On December 17, 2022, Plaintiff met with Jarrod Peters and Coffee about his property. (Doc. 1-1, p. 5). Peters told Plaintiff, "[T]he only property we have to let you access is you[r] legal property… you don't have the right to access any other property." (*Id.*). Peters further stated the Plaintiff would not be taking any of his property with him when he is taken by federal air lift to a new facility. (*Id.* at p. 6).

Plaintiff wrote four grievances against Juenger, Coffee, and Peters. He did not receive any responses. (Doc. 1-1, p. 6). Plaintiff also requested a complete inventory of his property on more than one occasion. His requests were denied. (*Id.*).

Plaintiff had a second meeting with Peters and Coffee on December 19, 2022. (Doc. 1-1, p. 6). He was again denied an inventory of his property, but he was given a small portion of his commissary property. Plaintiff states that he was "extorted out of many other commissary items

which were given to jail house inmate workers…" (*Id.*).

On December 21, 2022, Plaintiff met with Rogers, from the United States Marshal's Office, Peters, and Coffee. (Doc. 1-1, p. 7). Rogers told Plaintiff that he would not be able to take any of his property "to the federal air lift or to federal prison." Plaintiff again asked for their authority to deny him his property in writing. Rogers informed Plaintiff that they do not have to give him "any written paper or law." (*Id.*).

Based on Plaintiff's allegation and articulation of his claims, the Court finds it convenient to designate the following counts:

> **Count 1:** Claim pursuant to 42 U.S.C. 1985(2) against Defendants for conspiracy to interfere with Plaintiff's civil rights.
>
> **Count 2:** Claim pursuant to 17 U.S.C. 1201-1203 against Defendants for circumvention of copy right protection.
>
> **Count 3:** Claim pursuant to 18 U.S.C. 1961-1968 against Defendants for engaging in a campaign of racketeering and corrupt organizational activity.
>
> **Count 4:** Claim pursuant to the Fifteenth Amendment against Defendants for denying Plaintiff equal protection under the law.
>
> **Count 5:** Claim pursuant to the First Amendment against Defendants for violating Plaintiff's right to freedom of religion.
>
> **Count 6:** Claim pursuant to the Fourteenth Amendment against Defendants for depriving Plaintiff of his property without due process of law.

Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

The Court also dismisses all claims brought pursuant to state statute. For Plaintiff's state law claims he mainly cites to Illinois statutes 720 ILCS 5/17-56 and 720 ILCS 5/12-6.2. (*See* Doc. 1-1, p. 9, 11). He has failed to state a claim under both. First, Section 5/17-56 establishes the crime

of financial exploitation of an elderly person. The statute creates a civil action for damages. *See* 720 ILCS 5/17-56(g). Plaintiff, however, does not describe any facts supporting this claim, which requires a plaintiff to show that the defendant used deception or intimidation to obtain control over the property of an elderly person or illegal use of the elderly person's resources or assets. *See Garner v. Garner,* 2022 WL 577802, at *4, 2022 IL App (3) 200142-U (discussing the elements of financial exploitation of an elderly person). Thus, his claim brought pursuant to Section 5/17-56 is dismissed.

Illinois statute 720 ILCS 5/12-6.2 establishes the crime of aggravated intimidation. Plaintiff's claim pursuant to this statute also fails, as there is no private right of action for Plaintiff to assert a civil claim against Defendants for violating this section of law. *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action.").

Finally, Plaintiff cites to other sections of law not applicable to the facts of this case: 215 ILCS 159/70 (injunctions for violations of the Viatical Settlements Act of 2009); 720 ILCS 5/29D-65 (forfeiture of property relating to terrorism crimes); 20 ILCS 1807/124 (fraud against the government for those under the Illinois Code of Military Justice); 55 ILCS 5/3-14032 (prohibition of fraud for Cook County employees); and a section of Maine state law, 34-A M.R.S.A. §3062. Any civil claim brought pursuant to these statutes are dismissed with prejudice.

## II.     Discussion

### Count 1

Section 1985(2) prohibits conspiracies to obstruct justice in federal and state courts. *See Kush v. Rutledge,* 460 U.S. 719, 724-25 (1983). The statute contains "language requiring that the

conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Id.* at 725. An intent to deprive a person of "equal protection…means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Id.* at 726 (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)).

Section 1985(2) has no application to Plaintiff's claims that he was denied access to his property while at Randolph County Jail. He also has not alleged any kind of discriminatory intent on the part of Defendants. (*See* Doc. 1-1, p. 10). Count 1 is dismissed.

**Count 2**

Plaintiff alleges that included in his property were a "twelve book compilation copy right filing package" and three books he authored. (Doc. 1-1, p. 11). By not giving him these items, Plaintiff alleges that Defendants have violated 17 U.S.C. §§1201-1203.

Again, Sections 1201, 1202, and 1203 are not applicable to Plaintiff's claims. These sections of law are a part of the Digital Millennium Copyright Act (DMCA). Section 1201 prohibits a person from circumventing "a technological measure that effectively controls access" to copyrighted works. 17 U.S.C. §1201(a). The DMCA defines "circumvent a technological measure" to mean "descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." *Id.* at § 1201(a)(3)(A). Section 1202 prohibits a person from providing false copyright information or altering copyright information, and Section 1203 provides for a right of action when someone violates Section 1201 and 1202. *Id.* at §§1202(a), (b), 1203(a).

Plaintiff does not plead any facts from which the Court can infer that Defendants circumvented any technological control with respect to his copyrighted work or misused his copyright in anyway. Count 2 is dismissed.

**Count 3**

None of Plaintiff's factual allegations state a cognizable civil claim under Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. §1964. *See Lachmund v. ADM Investor Serv., Inc.,* 191 F. 3d 777, 783 (7th Cir. 1999) (discussing the elements of a RICO civil action); *Crichton v. Golden Rule Ins. Co*. No. 06-264-GPM, 2006 WL 2349961, at *5 (S.D. Ill. Aug. 11, 2006). Plaintiff only states in a conclusory fashion that Defendants acted corruptly in forcing him to forfeit his property. (Doc. 1-1, p. 12). Nothing in the Complaint allows the inference that Defendants engaged in a pattern of racketeering activity. Count 3 is dismissed.

**Constitutional Claims – Counts 4, 5, and 6**

Plaintiff does not cite a source of authority under which he seeks to pursue relief for the violations of his constitutional rights. "Section 1983 imposes federal tort liability on state and local actors," while *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics,* 403 U.S. 388 (1971) provides "a limited damages remedy for federal rights violations caused by *federal agents." Grady v. Aragona,* No. 20-cv-01206-JPG, 2020 WL 7123146, at *2 (S.D. Ill. Dec. 4, 2020).

Because Peters, Coffee, Juenger, and Geisen appear to have been employees of Randolph County at the time of the alleged events, the Court will assess the constitutional claims against them under 28 U.S.C. §1983.[1] But because Rogers and Batson are identified as federal marshals, the constitutional claims against them will be analyzed under *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971) and subsequent relevant case law.

---

[1] *See Belbachir v. Cnty of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (allowing claim of administrator of estate of federal pretrial detainee to proceed against county and county jail officials under Section 1983 after noting that contract between federal government and county jail that housed federal and nonfederal inmates did not transform officials into federal actors); *Urias-Urias v. Youell,* No. 06-3071, 2006 WL 1120434, n.1 (C.D. Ill. 2006) (analyzing claims under Section 1983, but noting that claims would be analyzed under *Bivens* and not Section 1983 had contract between federal government and county jail to house federal pretrial detainees transformed a state or local actor into a federal agent); *Lewis v. Downey*, 581 F.3d 467, n.3 (7th Cir. 2009) (analyzing case under Section 1983 but questioning whether contract between feds and jail alter the role of the actor from state to federal in cases brought by federal pretrial detainee housed in local jail).

### Count 4

To state an equal protection claim, a plaintiff must allege that he was treated differently from others based on membership in a suspect class (such as race, gender, alien status, or national origin) or based upon the denial of a fundamental right (freedom of speech or religion). *See, e.g., Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). Here, Plaintiff does not allege facts to support an equal protection violation against any defendant. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim). He simply repeats that his equal protection rights have been violated because he was denied his property. Accordingly, Count 4 will be dismissed for failure to state a claim against all Defendants under both Section 1983 and *Bivens*.

### Count 5

Likewise, Plaintiff has not plead any facts to support a claim that his ability to practice his religion was infringed upon by Defendants. He makes that conclusory statement that because he was denied his property, which included electronics, food items, art supplies, hygiene products, legal documents, and literary works, his freedom of religion was violated. (Doc. 1-1, p. 10, 12, 14). Under both Section 1983 and *Bivens* Count 5 is dismissed.

### Count 6

Plaintiff's due process claim brought under *Bivens* against Batson and Rogers is dismissed with prejudice. A procedural due process claim is not a recognized claim in which an implied damages remedy is available under *Bivens* case law, and courts have found "special factors counseling hesitation," which preclude extending *Bivens* to this type of claim. *See Smadi v. True,* 783 F. App'x 633, 634 (7th Cir. 2019) (affirming district court's dismissal of due process claim at screening as indistinguishable from due process challenge rejected in *Ziglar v. Abbasi,* 582 U.S.

120 (2017)); *Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018) (procedural due process claim arising from administrative and disciplinary proceedings). *See also Kammeyer v. True*, No. 19-cv-00454-JPG, 2019 WL 2616193, *4 (S.D. Ill. June 26, 2019).

At this point Plaintiff has sufficiently stated a due process claim against Peters, Coffee, Juenger, and Geisen for depriving him of his property without sufficient procedural protections pursuant to Section 1983. *See Orozco v. Dart,* 64 F. 4 806, 814-15 (7th Cir. 2023). Count 6 will proceed against Peters, Coffee, Juenger, and Geisen.

### III.     Temporary Injunctive Relief

In the Complaint, Plaintiff requests for the Court to issue a temporary injunction staying his transfer into the custody of the Federal Bureau of Prisons for the duration of this civil suit. (Doc. 1-1, p. 13). The request is **DENIED.** Not only is the request moot, as Plaintiff was transferred to a federal facility prior to the removal of this case, but nothing in the Complaint indicates that "immediate or irreparable injury" will result without Court action preventing his transfer. FED. R. CIV. P. 65(b)(2). *See Farmer v. Brennan,* 511 U.S. 825, 845 (1994) (the purpose of emergency injunctive relief is "to prevent a substantial risk of serious injury from ripening into actual harm").

### PENDING MOTIONS

Plaintiff has filed several motions, which will all be denied. First, Plaintiff has filed a motion for default judgment against Defendants Rogers and Batson. (Doc. 13). Plaintiff seeks default judgment against these two Defendants because they have not responded to the Complaint and have failed to timely consent to the removal of this action. The motion is **DENIED.** There is no evidence that Defendants Rogers and Batson have been served with the Complaint, and after this case was removed, the Court issued an order stating that response to the Complaint was not due until a review under Section 1915A was conducted. (Doc. 11). Thus, the Court does not find

that Defendants Rogers and Batson have failed to defend this lawsuit warranting default judgment at this time. *See* FED. R. CIV. P. 55. Additionally, to the extent Plaintiff is attempting to object to removal and seek remand, as discussed above, his objection is untimely. *See* 28 U.S.C. §1447(c).

Plaintiff has also filed a motion for substitution of judge for causing inordinate delay in the merit review process. (Doc. 20). Because Plaintiff has had to wait months for the Court to conduct a 1915A merit review of his Complaint, he requests a new judge in this matter or in the alternative, remand the case back to Randolph County.

The Court construes the motion as a motion for recusal. Recusal or disqualification of a judge from a case is governed by 28 U.S.C. § 455. A party's dissatisfaction with the rate of progress in the case is not one of the grounds for disqualification. Plaintiff has not pointed to any personal bias, prejudice or issue of impartiality on the part of the undersigned. Nor has he established grounds for this case to be remanded back to state court. The motion is **DENIED.**

The motions for status are **DENIED as moot,** in light of this Order. (Doc. 19, 21). The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet.

## DISPOSITION

For the reasons stated above, the Complaint was properly removed to this Court and survives preliminary review pursuant to Section 1915A. **COUNT 6** will proceed against Defendants Peters, Coffee, Juenger, and Geisen, but is **DISMISSED with prejudice** as to Defendants Rogers and Batson. **COUNTS 1, 2, 3, 4,** and **5** and any claim brought pursuant to state statute are **DISMISSED.** Because there are no surviving claims against them, Defendants Rogers and Batson are **DISMISSED** from this case. The Clerk of Court **SHALL TERMINATE** them as defendants on the docket.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 11, 2024**

       *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**