IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY L. FLETCHER,<br><br>        Plaintiff,<br><br>v.<br><br>SHERIFF JERROD PETERS,<br>OFFICER RYAN COFFEE,<br>OFFICER JASON JUENGER, and<br>OFFICER CHRISTOPHER GEISEN,<br><br>        Defendants. | Case No. 23-CV-01054-SPM |

# ORDER

**DECISION BY THE COURT.**

      Plaintiff Anthony Fletcher, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at Federal Correctional Center Gilmer in Glenville, West Virginia, filed a Complaint in the Circuit Court for the Twenty-fourth Judicial Circuit, Randolph County, in the State of Illinois, Case No. 2023LA5. He sought relief for violations of federal statutes, Illinois state law, and his constitutional rights while he was held at the Randolph County Jail. On March 30, 2023, four of the six defendants, Defendants Sheriff Jarrod Peters, Officer Ryan Coffee, Officer Jason Juenger, and Officer Christopher Geisen, who are employees of Randolph County, removed the case to this Court pursuant to 28 U.S.C. §1441(a) on March 30, 2023. (Doc. 1).

      The Court conducted a preliminary screening of Fletcher's Complaint pursuant to 28 U.S.C. § 1915A on January 11, 2024. (Doc. 22). Amongst other rulings, this Court dismissed all of Fletcher's claims except for his claim pursuant to the

Fourteenth Amendment against Defendants Peters, Coffee, Juenger, and Geisen for depriving him of his property without due process of law. Regarding that claim, the Court found that Fletcher sufficiently pleaded a violation of his Fourteenth Amendment right for depriving him of his property without sufficient procedural protections pursuant to Section 1983. (*Id.*).

Related to this claim, Plaintiff alleged that on December 16, 2022, he was discharged from the Illinois Department of Corrections and placed into federal custody. (Doc. 1-1, p. 4). He was taken to the Randolph County Jail, where remained until December 27. (*Id.* at p. 1, 4). At the time, his personal property included 24 legal boxes, 2 boxes containing $650.00 worth of food products from the commissary, 1 box containing $400.00 worth of electronic items, and 1 box containing $100.00 worth of hygiene items. (*Id.* at p. 4). Upon his arrival at Randolph County Jail, Officer Juenger told Plaintiff that he would not receive any of his property "when taken to federal air lift." (Doc. 1-1, p. 5). Plaintiff was further informed that his food items would be destroyed because "we don't know where they came from or how he [Plaintiff] got them." (*Id.*). Plaintiff stated that he has not received his property upon transfer to Federal Correctional Center Gilmer.

In a genuine effort to retrieve Fletcher's property, this Court attempted to settle this case on June 18, 2024. (Doc. 38). During the hearing, Fletcher was uncooperative and belligerent. Despite this, the Court ordered Defendants to submit a proposed resolution for the court to review in-camera and to send to Fletcher for his response. Defendants complied and provided two potential options for Fletcher to retrieve his property. (Doc. 41). Fletcher vociferously rejected both options. (Doc. 44).

"Courts that have addressed the question of whether a complaint can be dismissed after it survives § 1915A screening have, almost invariably, answered yes," reasoning that "under 28 U.S.C. § 1915(e)(2), a court may dismiss a case 'at any time' if it determines the complaint fails to state a claim." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 800 (N.D. Ill. 2014) (collecting cases). The "statute . . . does not freeze in amber an initial screening determination; nor should it given the insular nature of that review, which is at odds with our adversarial system of justice." *Id*.

Giving the Complaint a second look, this Court cannot provide Fletcher the relief he seeks because his property loss does not constitute a federal claim. While the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," various state tort claims acts which provides a method to seek reimbursement for the negligent loss or intentional deprivation of property meet the requirements of the due process clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Illinois's tort claims act (called the Illinois Court of Claims Act, 705 ILL. COMP. STAT. 505/1 *et. seq.*) and other laws provide for state judicial review of property losses caused by government employees. Those state laws provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Murdock v. Washington*, 193 F.3d 510, 512 (7th Cir. 1999) (affirming dismissal of plaintiff's property loss claims because state law provides post deprivation remedy). Here, Fletcher at least partially utilized the post-deprivation

process. The fact that he did not continue to pursue his grievances does not transform his issue into a federal due process violation. Therefore, Fletcher's alleged property losses do not state a federal claim.

Fletcher also complained about the fact that the prison employees did not follow department procedure during the inventory and storage process. (Doc. 1-1, pp. 5, 6, 14). However, violations of IDOC policy do not amount to constitutional violations. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Therefore, Fletcher has not stated a claim by alleging the Defendants failed to follow their own policies either.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, amendment is futile in this case.

## CONCLUSION

Accordingly, this action is **DISMISSED** with prejudice pursuant to 28 U.S.C.

§ 1915A because the Complaint fails to state any claims. All other pending motions are **DENIED as moot**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:   November 20, 2024

                                                              *s/ Stephen P. McGlynn*
                                                             **STEPHEN P. McGLYNN**
                                                             **U.S. District Judge**